UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| WELLS FARGO BANK, N.A., | Civ. No. 17-3541 (KM) |
| Plaintiff, | |
| v. | OPINION |
| HYOJA AKIKO MOORE, | |
| Defendant. | |

## KEVIN MCNULTY, U.S.D.J.:

This matter comes before the Court on the motion of the plaintiff, Wells Fargo Bank, N.A., to remand this removed mortgage foreclosure case to State court. (ECF no. 3) For the reasons stated herein, the motion to remand pursuant to 28 U.S.C. § 1447 is granted. Defendant's motion for a preliminary injunction (ECF no. 19) is administratively terminated.

This is a state-law mortgage foreclosure action, filed in state court in October, 2010 under docket no. F-049344-10 (Superior Court, Chancery Division, Sussex County). On August 10, 2011, the state court granted Wells Fargo's motion for summary judgment, and the foreclosure proceeded as an uncontested matter. A final judgment of foreclosure was entered on September 13, 2013. Ms. Moore's appeal to the Superior Court, Appellate Division, was dismissed as untimely. A filing in bankruptcy, and a successful motion to lift the automatic stay, followed.

Wells Fargo purchased the property at a sheriff's sale held on March 16, 2016. On April 6, 2017, the state court issued a writ of possession. On April 25, 2017, the County Sheriff posted the writ, setting the date of eviction for May 22, 2017.

1

Five days in advance of the scheduled eviction, on May 17, 2017, the defendant filed a notice of removal of this case to federal court. (ECF no. 1)

Now before this Court is Wells Fargo's motion to remand the action to state court, pursuant to 28 U.S.C. § 1447. (ECF no. 3) The motion was filed timely within 30 days after removal. See 28 U.S.C. § 1447. Ms. Moore, after receiving extensions of time, has filed papers in opposition. (ECF nos. 8–13, 15–18) Wells Fargo has filed a reply. (ECF no. 14) The matter is fully briefed and ripe for decision.

Defendant Moore removed this case pursuant to the federal removal statute, 28 U.S.C. § 1441. Under 28 U.S.C. § 1441(a), a defendant may remove a civil action from the state court if the case could have been brought originally in federal court. What that generally means is that the complaint either asserts a federal-law claim, see 28 U.S.C. § 1331, or the parties are citizens of different states and the amount in controversy exceeds $75,000, see 28 U.S.C. § 1332(a).

"[T]he party asserting federal jurisdiction in a removal case bears the burden of showing, at all stages of the litigation, that the case is properly before the federal court." *Frederico v. Home Depot*, 507 F.3d 188, 193 (3d Cir. 2007). Removal is strictly construed and doubts are resolved in favor of remand. See *Samuel-Bassett v. Kia Motors Am., Inc.*, 357 F.3d 392, 396 (3d Cir. 2004).

Removal must be timely and procedurally proper under the statute. Removal of this case, however, was untimely, by a matter of years. The removal statute, 28 U.S.C. § 1446(b), requires that a notice of removal be filed within 30 days of the defendant's receipt of the original state-court complaint, by service or otherwise.[1] The complaint in this foreclosure action (ECF no. 3-3) was filed

---

[1]  (b) Requirements; Generally.—

(1) The notice of removal of a civil action or proceeding shall be filed within 30 days after the receipt by the defendant, through service or

2

in state court on October 10, 2010. The docket shows proof of service as of December 2010; at any rate, Ms. Moore filed an answer on April 14, 2011. (ECF no. 3-4 at 3) Any notice of removal, then, was required to have been filed no later than May 14, 2011.

This Notice of Removal, however, was not filed until six years later, on May 17, 2017. (ECF no. 1) Indeed, this was some three and one half years after final judgment had been entered in state court.

The 30-day time limit is a procedural bar to removal, independent of any jurisdictional question. *See Farina v. Nokia Inc.*, 625 F.3d 97, 114 (3d Cir. 2010) ("It is well settled that § 1446(b)'s thirty-day time limit for removal is a procedural provision, not a jurisdictional one.") Removal was obviously improper. The motion to remand is therefore granted pursuant to 28 U.S.C. § 1447.[2]

---

otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based, or within 30 days after the service of summons upon the defendant if such initial pleading has then been filed in court and is not required to be served on the defendant, whichever period is shorter.

28 U.S.C. § 1446(b)(1).

[2] In the alternative, however, I note that the removal, even if timely, would have been jurisdictionally, as well as procedurally, defective.

The complaint in foreclosure is a pure state-law complaint. No federal-law cause of action is pled. There is no federal-question jurisdiction. *See* 28 U.S.C. § 1331. Ms. Moore's motion papers cite various provisions of the Constitution. The issue here, however (even assuming removal was timely) would be whether there is any federal claim in the underlying action. There is not.

Diversity jurisdiction is also dubious; at any rate it has not been demonstrated by the defendant. It is not entirely clear whether the parties are citizens of separate states. *See* 28 U.S.C. § 1332(a). Ms. Moore, however, is surely a citizen of New Jersey. Under the "forum defendant" rule, removal would have been improper on this additional, alternative basis. *See* 28 U.S.C. § 1441(b) (removal on diversity basis permissible only if no defendant "is a citizen of the state in which such action is brought.")

3

## CONCLUSION

For the reasons stated above, the motion (ECF no. 3) of the plaintiff, Wells Fargo Bank, N.A., to remand this case to state court, pursuant to 28 U.S.C. § 1447, is GRANTED. Because the case is not properly in this Court, the defendant's later-filed motion for a preliminary injunction (ECF no. 19) is administratively terminated. An appropriate order accompanies this Opinion.

Dated: September 20, 2017

HON. KEVIN MCNULTY, U.S.D.J.